PER CURIAM.
Roderick A. Grandison appeals his conviction of attempted second degree murder, arguing that the trial court erred in instructing the jury that the lesser included offense of attempted manslaughter by act included an intent to kill element. On the authority of Williams v. State, 123 So.3d 23 (Fla.2013), we hold that it was fundamental error for the trial court to instruct the jury that the lesser included offense of attempted manslaughter by act included an intent to kill element where Grandison was convicted of an offense not more than one step removed from attempted manslaughter. Accordingly, we reverse his conviction and sentence and remand for a new trial.
Grandison was charged with the attempted first degree murder of his wife. At trial, the court gave the instruction that “[t]o prove the crime of attempted voluntary manslaughter, the State [ ] must prove the following element beyond a reasonable doubt: Roderick A. Grandison committed an act which was intended to cause the death of Sheila Grandison ....” (emphasis added). Grandison did not object to the instruction. He was subsequently convicted of attempted second degree murder, a lesser included offense.
In Williams, the Florida Supreme Court held that the jury instruction on attempted manslaughter by act, which requires the jury to find that the defendant committed an act intended to cause death, constitutes fundamental error where the defendant is convicted of an offense no more than one step removed from attempted manslaughter. Id. at 24.
As the state concedes, Williams controls in this case. Since Grandison was convicted of an offense not more than one step removed from attempted manslaughter, *1065 the jury instruction was fundamental error.

Reversed and Remanded.

DAMOORGIAN, C.J., GROSS and TAYLOR, JJ., concur.